**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| SHIRLEY L. PHELPS-ROPER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) No. 09-0121-CV-W-FJG <br> CITY OF GLADSTONE, MISSOURI, ) <br> ) <br> Defendant. ) | |

**ORDER**

Pending before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. No. 4). Together with this motion are Plaintiff's Suggestions in Support of its Motion for Preliminary Injunction (Doc. No. 5), Defendant's Suggestions in Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. No. 14), and Plaintiff's Reply Suggestions in Support of its Motion for Preliminary Injunction (Doc. No. 16).

**I.     Background**

Plaintiff is a U.S. Citizen and resident of Topeka, Kansas. See Doc. No. 5, Ex. 1. She is a member of Westboro Baptist Church (hereinafter WBC), which follows Primitive Baptist and Calvinist doctrines. Id. Based on these doctrines, plaintiff indicates that church members believe that acceptance by society of the sin of homosexuality prompts divine judgment. Id. She and the WBC members further believe that God is punishing America for the sin of homosexuality by killing Americans, including American soldiers. Id.

Plaintiff indicates that she and the WBC members have expressed these sincerely-held religious beliefs by engaging in picketing and protesting. Id. Among the places she and the WBC picket and protest is near funerals of various persons. Id. Plaintiff indicates the purpose of picketing and protesting near funerals is to use an available public platform

to publish the church's religious message. Id. The funerals of American soldiers, in Plaintiff's view, are an international platform where the question of whether God is cursing or blessing America is being discussed. Id. Plaintiff believes this public platform is the only place where Plaintiff's religious message can be delivered in a timely and relevant manner to those attending the funeral and to those participating in the public events and displays outside the funeral. Id.

On or about January 8, 2007, Defendant enacted ordinance no. 4.019, which was codified as § 3.100.170. Complaint, Doc. No. 1, ¶12. Section 3.100.170 reads as follows:

> Picketing or protest activities in front of or about funeral location prohibited.
>
> (a) It shall be unlawful for any person to engage in picketing or other protest activities in front of or about any location at which a funeral is held, within one hour prior to the commencement of any funeral, and until one hour following the cessation of any funeral. Each day on which a violation occurs shall constitute a separate offense.
>
> (b) For purposes of this section, "funeral" means the ceremonies, processions and memorial services held in connection with the burial or cremation of the dead.
>
> (c) Any person who violates this ordinance is guilty of a misdemeanor and, upon conviction, may be imprisoned for not more than 90 days or fined not more than $500.00, or both imprisoned and fined.

Doc. No. 1, ¶ 13. Plaintiff asserts that, although she would otherwise conduct protests near funerals in the City of Gladstone, Missouri, she will not do so while the challenged ordinance is being enforced because she fears being arrested for engaging in non-disruptive speech in public *fora*. Doc. No. 5, Ex. 1, ¶5.

**II.    Standard**

In examining whether to issue a preliminary injunction, courts should consider four

factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the interest of the public. Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981); Phelps-Roper v. Nixon, 545 F.3d 685, 689-90 (8th Cir. 2008).[1] Plaintiff assumes for purposes of this motion (as does this Court) that the ordinance is content and viewpoint neutral, and thus the ordinance can only validly infringe upon speech in traditionally public *fora* to the extent that the ordinance: (1) serves a significant government interest; (2) is narrowly tailored; and (3) leaves open ample alternative channels of communication. Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989).

### III. Discussion

Plaintiff indicates her belief that the outcome of the present motion for preliminary injunction is controlled by the Eighth Circuit's decision in Phelps-Roper v. Nixon, 545 F.3d 685 (8th Cir. 2008). In that case, involving the same plaintiff as the current matter, the Eighth Circuit determined that a preliminary injunction should issue against a Missouri statute, R.S.Mo. § 578.501. The text of § 578.501 is:

> (1) This section shall be known as "Spc. Edward Lee

---

[1] In its suggestions in opposition, defendant suggests that state and federal statutes or regulations are "entitled to a higher degree of deference and should not be enjoined lightly," and thus a more rigorous standard for demonstrating likelihood of success on the merits is necessary. See Doc. No. 14, p. 4, citing Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds, 530 F.3d 724, 731 (8th Cir. 2008). In her reply suggestions, plaintiff notes that defendant's ordinance is not a state statute, and suggests that the municipal ordinance is not entitled to the same level of deference as a state statute. See Doc. No. 16, pp. 2-3. The Court finds that, under either level of deference, the Court would still find that plaintiff has demonstrated a likelihood of success on the merits. See generally Phelps-Roper v. Nixon, 545 F.3d 685 (8th Cir. 2008)(finding that a preliminary injunction should issue, even under the more rigorous standard described in Planned Parenthood, 530 F.3d at 731).

>           Myers' Law."
>
>     (2)   It shall be unlawful for any person to engage in picketing or other protest activities in front of or about any location at which a funeral is held, within one hour prior to the commencement of any funeral, and until one hour following the cessation of any funeral. Each day on which a violation occurs shall constitute a separate offense. Violation of this section is a class B misdemeanor, unless committed by a person who has previously pled guilty to or been found guilty of a violation of this section, in which case the violation is a class A misdemeanor.
>
>     (3)   For the purposes of this section, "funeral" means the ceremonies, processions and memorial services held in connection with the burial or cremation of the dead.

The text of defendant's ordinance appears to be remarkably similar to the text of the enjoined statute. Section 3.100.170(a) is the same as the first two sentences of R.S.Mo. § 578.501(2). Section 3.100.170(b) is the same as R.S.Mo. § 578.501(3). The only differences are that (1) § 3.100.170 does not contain a reference to Edward Lee Myers; and (2) the ordinance and statute have slightly different classifications as to the misdemeanor level of the offense. These differences have no bearing on the issues raised in plaintiff's motion for preliminary injunction (Doc. No. 4).

In examining R.S.Mo. § 578.501(3) and plaintiff's likelihood of success on the merits of her challenge to that statute, the Eighth Circuit concluded that (1) plaintiff was "likely to prove any interest the state has in protecting funeral mourners from unwanted speech is outweighed by the First Amendment right to free speech," see Phelps-Roper v. Nixon, 545 F.3d at 692; (2) "there is enough likelihood Phelps-Roper will be able to prove section 578.501 is not narrowly tailored or is facially overbroad to the point she is likely to prevail on the merits of her claim," id. at 693; and (3) plaintiff was "likely to prevail in proving section 578.501 fails to afford open, ample and adequate alternative channels for the

4

dissemination of her particular message." Id. at 694.[2]  Additionally, the Eighth Circuit found that if a preliminary injunction did not issue, plaintiff would suffer irreparable injury. Id. The Eighth Circuit further found that the injunction would not cause substantial harm to others, and the injunction would be in the public interest. Id.

Defendant has filed suggestions in opposition to plaintiff's motion for preliminary injunction (Doc. No. 14). Defendant argues that the Eighth Circuit, in Phelps-Roper v. Nixon, "blatantly ignored the long recognized right to be free from boisterous or threatening conduct." See Doc. No. 14, p. 7 (citing Gregory v. Chicago, 394 U.S. 111, 118 (1969)). However, this Court is not in a position to decide whether the Eighth Circuit "blatantly ignored" other precedent in making its prior determination in Phelps-Roper v. Nixon, which is binding on this court. Further, there is no evidence in the record at this time as to the content of plaintiff's speech, and the Court is not in a position to determine that plaintiff's speech is "boisterous" or "threatening."[3]  Defendant further argues that this Court should rely on a decision of the Sixth Circuit that found a similar funeral protest statute to be constitution. See Phelps-Roper v. Strickland, 539 F.3d 356, 362-67 (6th Cir. 2008). However, as noted by plaintiff, the Eighth Circuit's opinion in Phelps-Roper v. Nixon was issued after the decision was made in Strickland, and the Eighth Circuit distinguished Strickland on multiple bases. See 545 F.3d at 692, 693.

At this time, the Court finds that the ordinance at issue in this matter, § 3.100.170,

---

[2]As noted by plaintiff, the Eighth Circuit did not hold that section 578.501 was unconstitutional. See 545 F.3d at 694. Plaintiff in her suggestions in support, therefore, cites to other cases for the proposition that her claims are likely to succeed on the merits (for the most part, the cases cited within Phelps-Roper v. Nixon, 545 F.3d 685 (8th Cir. 2008)). See id. and Doc. No. 5, pp. 4-9.

[3]The Court further notes, without making a final determination as to this issue, that the text of the ordinance at issue in this matter appears to regulate conduct that may not be "boisterous" or "threatening."

5

is not materially different from the enjoined state statute, R.S.Mo. § 578.501. The Eighth Circuit recently determined that a motion for preliminary injunction should issue as to R.S.Mo. § 578.501 (see Phelps-Roper v. Nixon, 545 F.3d 685 (8th Cir. 2008), and upon remand of the case this Court issued such an injunction on January 26, 2009. See Case No. 06-4156-CV-C-FJG, Doc. No. 74. At this stage of the proceedings and given the state of the law in the Eighth Circuit, this Court finds that plaintiff has sufficiently demonstrated (1) a likelihood of success on the merits, (2) a threat of irreparable injury if a preliminary injunction does not issue; (3) an injunction would not cause substantial harm to others; and (4) an injunction would be in the public interest.

Therefore, the Court **GRANTS** plaintiff's motion for preliminary injunction (Doc. No. 4). Defendant is enjoined from enforcing Section 3.100.170 of the City of Gladstone Code of Ordinances until further order of this Court. The Court **ORDERS** plaintiff to submit a bond in the amount of **$1.00.** The Clerk of the Court is directed to accept plaintiff's tender of the $1.00 bond, and the Clerk of the Court is directed to hold the bond monies until further order of the Court.

**IT IS SO ORDERED.**

**/S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:   04/14/09
Kansas City, Missouri